IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROBIN L. STEVENS, SR.,

      Plaintiff,

v.                                Civil Action No. 5:05CV149
                                                  (STAMP)

FEDERATED MUTUAL INSURANCE COMPANY
d/b/a FEDERATED INSURANCE and a/k/a
FEDERATED SERVICE INSURANCE COMPANY,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR MORE DEFINITE STATEMENT**

The defendant in this removed action filed a motion for this
Court to direct plaintiff to make a more definite statement
pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.
The defendant argues that the plaintiff's complaint, based on
violations of West Virginia's Unfair Claims Settlement Practices
Act ("Bad Faith Act"), does not sufficiently distinguish between
denial of coverage or denial of liability.  Moreover, the defendant
argues that plaintiff fails to indicate how facts establish
multiple violations of the Bad Faith Act.  The plaintiff responds
that the complaint complies with the requirements of Rule 8(a) of
the Federal Rules of Civil Procedure because it sets forth enough
facts and allegations to "give the defendant fair notice of what
the plaintiff's claim is and the grounds upon which it rests."
Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005).
The defendant responds that the complaint is so devoid of facts

that the defendant cannot even frame a responsive pleading. This Court disagrees and finds defendant's motion must be denied.

The pleading standard of the Federal Rules of Civil Procedure is "not onerous." Id. at 348 (quoting Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764 (4th Cir. 2003)). A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. Chao at 349. If detail sought by a motion for a more definite statement is obtainable through discovery, a motion for a more definite statement should be denied. Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

Here, the plaintiff alleges facts establishing the underlying personal injury claim. In addition, the plaintiff alleges that numerous demands were made to settle the plaintiff's claims, but that such demands were wrongfully denied and payments maliciously delayed. This Court finds that the complaint is sufficient enough to give the defendant notice of the substance of the claim being asserted. See Chao, 415 F.3d at 346. Moreover, any additional detail required by the defendant is obtainable through discovery.[1]

---

[1]It should be noted that the plaintiff articulates Rule 12(b)(6) standards at certain points in his response. See Pl.'s Resp. at 11-12. The defendant seems to pick-up on the plaintiff's use of Rule 12(b)(6) standards, and refers to the plaintiff's "burden of showing" at one point in its reply brief. Because the defendant filed this motion pursuant to Rule 12(e), this Court need not determine whether the plaintiff has met any burden required under Rule 12(b)(6). To the extent that parties discuss a motion pursuant to Rule 12(b)(6), such motion is denied without prejudice to being raised again if appropriate.

Accordingly, the defendant's motion pursuant to Rule 12(e) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 8, 2005


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE