IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBIN L. STEVENS, SR.,

        Plaintiff,

v.

        Civil Action No. 5:05-CV-149

FEDERATED MUTUAL INSURANCE COMPANY
d/b/a/ FEDERATED INSURANCE and aka
FEDERATED SERVICE INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION and ORDER**

I. Introduction

A. <u>Background</u>.  On June 6, 2006, came Plaintiff by Ronald W. Zavolta, Esq., in person, and Defendant by Charles T. Berry, Esq., and Ashley Paige Hardesty, Esq., in person, for a hearing on Defendant's (1) Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production[1]; (2) Motion for Sanctions for Violation of Discovery Order[2]; and (3) Motion for Attorney Fees for Plaintiff's Failure to Attend Deposition.[3]  Testimony was not taken, and no other evidence was introduced.

B.     <u>The Motions</u>.

     1.     Federated's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production.[4]

---

[1]  Doc. No. 57.

[2]  Doc. No. 60.

[3]  Doc. No. 62.

[4]  Doc. No. 57.

2.  Federated's Motion for Sanctions for Violation of Discovery Order.[5]

3.  Federated's Motion for Attorney Fees for Plaintiff's Failure to Attend Deposition.[6]

C.  Decision.

The Court Orders as follows:

1.  Federated's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production (Doc. 57) is **GRANTED IN PART and DENIED IN PART**.

2.  Federated's Motion for Sanctions for Violation of Discovery Order (Doc. 60) is **GRANTED IN PART and DENIED IN PART**.

3.  Defendant's Motion for Attorney Fees for Plaintiff's Failure to Attend Deposition (Doc. 62) is **DENIED**.

## II. Facts

(1)  The Court's scheduling order, which was entered on November 1, 2005, established the numerical limitation on interrogatories as set forth in the Local Rules of Civil Procedure.

(2)  On December 20, 3005, Defendant served its First Set of Requests for Admission, Interrogatories, and Requests for Production on Plaintiff. Upon request from Plaintiff, Defendant agreed to extend the deadline for Plaintiff's discovery responses until February 3, 2006. Plaintiff served its Answers to Defendant's First Set of Requests for

---

[5] Doc. No. 60.

[6] Doc. No. 62.

Admission on February 3, 2006, but failed to serve answers and/or responses to Defendant's interrogatories or requests for production.

(3)     On February 17, 2006, Defendant filed its First Motion to Compel answers and responses to its first set of discovery requests.

(4)     The Court set an evidentiary hearing for March 13, 2006.

(5)     On March 7, 2006, Defendant received Plaintiff's Answers to Defendant's First Set of Interrogatories and Requests for Production.  Finding Plaintiff's answers deficient, Defendant made additional requests that Plaintiff forward full and complete discovery responses.


(6)     On March 13, 2006, Plaintiff served his Supplemental Response to Defendant's First Set of Request for Production.

(7)     On March 29, 2006, Defendant filed a supplemental memorandum supporting its motion to compel.

(8)     The hearing on Defendant's Motion to Compel was continued until April 3, 2006.  At the hearing, the Court granted Plaintiff additional time to file a response to the supplemental memorandum filed by Defendant and continued the hearing until April 18, 2006.

(9)     Plaintiff served his supplemental answers to Defendant's first set of interrogatories and second supplemental responses to the requests for production on April 14, 2006.

(10)    At the April 18, 2006 hearing, the Court ordered Plaintiff to supplement several interrogatories and requests for production of documents, including Interrogatories Nos. 5, 6 and 7.

(11)     Plaintiff served Supplemental Answers to Defendant's First Set of Interrogatories and Third Supplemental Responses to Defendant's Request for Production on April 28, 2006.

(12)     On May 17, 2006, Defendant filed its Motion for Sanctions for Plaintiff's Violation of Discovery Order with respect to Interrogatories Nos. 5, 6 and 7.   On June 5, 2006, Plaintiff filed Plaintiff's Response in Opposition to Federated's Motion for Sanctions for Plaintiff's Violation of Discovery Order and Plaintiff's Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B) of the Federal Rules of Civil Procedure.

(13)     On March 29, 2006, Defendant served its second set of discovery requests on Plaintiff.  Plaintiff served his Answers to Defendant's Second Set of Requests for Admission, Interrogatories and Requests for Production on April 28, 2006.  After making several requests that Plaintiff forward full and complete discovery responses, Defendant filed its Motion to Compel Answers and Responses to its Second Set of Interrogatories, Requests for Admission and Requests for Production on May 15, 2006.  On June 1, 2006, Plaintiff filed Plaintiff's Response to Defendant Federated's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production.

(14)     On May 25, 2006, the Court entered an amended scheduling order, which maintained the numerical limitation on interrogatories as set forth in the Local Rules of Civil Procedure.

(15)     Defendant served a Notice of Deposition of Plaintiff on April 13, 2006.  On April 25, 2006, Counsel for Defendant traveled to Wheeling, WV to take Plaintiff's deposition. Plaintiff, however, did not appear for his deposition.  On May 4, 2006, following Defendant's

request that Plaintiff's counsel provide the reason for Plaintiff's failure to appear for his deposition, Plaintiff's counsel advised that Plaintiff failed to appear for his deposition because his vehicle broke down on the way to the deposition. On May 9, 2006, Defendant's Counsel requested supporting documentation regarding Plaintiff's excuse. Because no supporting documentation was provided, Defendant filed its Motion for Fees and Expenses for Plaintiff's Failure to Attend Deposition. On May 26, 2006, Plaintiff filed Plaintiff's response in Opposition to Federated's Motion for Fees and Expenses for Plaintiff's Failure to Attend Deposition and Plaintiff's Motion for Fees and Expenses Pursuant to Rule 37(a)(4)(B).

### III. Discussion

**1.     Defendant's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production**.

A.     <u>Contentions of the Parties</u>.

Defendant contends that Plaintiff's responses to Defendant's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production are deficient and, therefore, Plaintiff should be compelled to provide full and complete answers and responses to Defendant's second set of discovery requests. Specifically, Defendant requests that Plaintiff be ordered to supplement the following: (1) Plaintiff's responses to Request for Admission Nos. 7, 8 and 9 to include the details of Plaintiff's investigation into these responses; (2) Plaintiff's answer to Interrogatory No. 1 to include the details of Plaintiff's investigation into Request for Admission Nos. 4 and 7 of Defendant's first set of discovery requests; (3) Plaintiff's answer to Interrogatory No. 5 to either provide the information requested or state with specificity the grounds for the objections to such Interrogatory; and (4) Plaintiff's response to Request for Production No. 4, which corresponds to

Interrogatory No. 5 of Defendant's second set of discovery requests.

Alternatively, Defendant seeks leave of court to propound interrogatories in excess of the numerical limit of twenty-five (25) embodied in Fed. R. Civ. P. 33(a) and LR. Civ. P. 26.01(c)(4).

Plaintiff counters that Defendant served written interrogatories in excess of forty-four (44) and has failed to cite any authority as to why it should be permitted to do so. Plaintiff moves pursuant to Rule 37 for fees and expenses incurred in opposing Defendant's Motion.

     B.    <u>The Standards</u>.

     1.    <u>Discovery - Interrogatories - Availability</u>. "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served ... Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33(a).

     2.    <u>Control of Discovery - Discovery Event Limitations</u>. "Unless otherwise ordered or stipulated, discovery under Fed. R. Civ. P. 26(a)(5) shall be limited as follows: ... (4) twenty-five written interrogatories, including all discrete subparts; (5) twenty-five requests for admission." LR. Civ. P. 26.01(c).

     3.    <u>Discovery - Interrogatories - Limitations</u>. "By order, the court may alter the limits in these rules on the number of ... interrogatories.... The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii)

the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

4. <u>Discovery - Interrogatories - Scope</u>. "Interrogatories may relate to any matters which

can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c).

5. <u>Discovery - Interrogatories - Response</u>. "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. <u>See</u> Fed. R. Civ. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National School of Health Tech.</u>, 73 F.R.D. 628, 632 (E.D. Pa. 1977)." <u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa 1996). "A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. <u>See</u> Fed. R. Civ. P. 33(d)." <u>Id</u>.

6.     Interrogatories - Type of Questions.  "[I]nterrogatories must be sufficiently definite, clear, and concise, and they must adequately advise the interrogated party of the information requested."  Capacchione v. Charlotte-Mecklenburg Bd. of Educ., 182 F.R.D. 486, 491 (W.D.N.C. 1998) (citing Babcock Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43, 45 (S.D. Ohio 1989)).  "An interrogatory is definite 'so long as it is clear what it is the interrogated party is called on to answer.'"  Id. (quoting Struthers Scientific & Int'l Corp. v. Gen. Foods Corp., 45 F.R.D. 375, 379 (S.D. Tex 1968)).

7.     Discovery - Objections to Interrogatories.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  Momah, v. Albert Einstein Med. Center, 164 F.R.D. 412, 417,  (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).  See Starlight Intl., Inc. v. Herlihy, 181 F.R.D. 494, 497 (D. Kan. 1998) (stating "[t]he court has disapproved the practice of asserting a general objection to the extent it may apply to particular requests for discovery"); Cotracom Commodity Trading Co. v. Seaboard Corp., 1998 U.S. Dist. LEXIS 6726, *5 (D. Kan. May 6, 1998) (explaining "[g]eneral objections are worthless for anything beyond delay of the discovery"); In re Folding Carton, Antitrust Litig., 83 F.R.D. 260, 264 (N.D. Ill. (1979) (holding "[o]bjections to interrogatories must be specific and be supported by a detailed explanation why the interrogatories are improper"); Wolf v. United Air Lines, Inc., 9 F.R.D. 271, 273 (M.D. Pa. 1949) (stating "[g]eneral objections to interrogatories are improper and without merit").

8.     Discovery - Production of Documents.  "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents ... or to inspect and copy, test, or sample any

tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

9. <u>Discovery - Motion to Compel - Timeliness</u>. A moving party has 30 days after the discovery response to file a Motion to Compel. L.R. Civ. P. 37.02(a)(3). When the Motion is mailed the moving party has an additional 3 days. Fed. R. Civ. P. 6(e).

C. <u>Discussion</u>.

The Court previously ruled on an earlier Motion to Compel by Defendant concerning its first set of discovery requests, which included nineteen interrogatories. Although in that opinion the Court decided that Plaintiff was not required to respond to Interrogatory No. 10, the Court notes that "unless otherwise ordered for good cause shown, every interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a)...." <u>Walker v. Lakewood Condominium Owners Assoc.</u>, 186 F.R.D. 584, 587 (C.D.Cal. 1999). In this case, Plaintiff timely objected to Interrogatory No. 10 and, therefore, Interrogatory No. 10 is considered in counting the number of interrogatories in Defendant's first set of discovery. <u>See id</u>.

Interrogatory No. 10 states as follows:

> If your response to any of the Requests for Admission herein set forth was anything less than an unqualified admission, please set forth with specificity for each such response the facts, bases and reasons you believe support said response. Include in your answer any legal authority which you believe supports your response. Also include in you answer sufficient information to identify the exact request(s) for admission to which your answer applies.

Defendant's first set of discovery requests made thirteen (13) requests for admission.

Plaintiff unqualifiedly admitted only Interrogatories Nos. 1 and 2. In <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441 (C.D.Cal. 1998), the Court noted that "[i]n principle, the requests for admissions must be examined and the relationship among them must be determined." <u>Id</u>. at 446. "Where the underlying requests for admissions concern different, separate, or discrete matters, ... the interrogatory should be viewed as containing a subpart for each request." <u>Id</u>. The Court has found only one case in this jurisdiction, albeit an unpublished opinion, <u>American Chiropractic Assoc. v. Trigon Healthcare, Inc</u>., No. 1:00CV00113, 2002 WL 534459, * 1 (W.D.Va. March 18, 2002), which addresses this issue. In that case, the Court stated that "interrogatories based on responses to requests for admission generally will concern separate subjects and should be counted as discrete subparts." <u>Id</u>. at *3.

The Court has reviewed Plaintiff's answers to Defendant's Requests for Admission Nos. 3 through 13 and finds that Interrogatory No. 10 cannot be considered a single interrogatory because it seeks information regarding eleven requests for admission involving different subject areas. <u>See Safeco of America v. Rawstron</u>, 181 F.R.D. at 446. Therefore, Interrogatory No. 10 counts as eleven (11) interrogatories**.** Accordingly, the total number of interrogatories in the first set of discovery propounded by Defendant is twenty-nine (29).

On March 29, 2006, Defendant served its Second Set of Requests for Admission, Interrogatories, and Requests for Production to the Plaintiff, which contained nine admissions and six interrogatories.[7] By serving its second set of interrogatories, Defendant disregarded the

---

[7] Plaintiff also argues that, because Defendant's motion to compel only addressed Plaintiff's response to Interrogatories Nos. 1 and 5, Defendant waived its objections as to Plaintiff's objections to the remaining interrogatories. The research conducted by the Court failed to reveal any authority persuasively reasoning that the moving party must address every objection made by the objecting party. Although Plaintiff cites <u>Swackhammer v. Sprint Corp.</u>

numeric limit of twenty-five (25) interrogatories provided in Fed. R. Civ. P. 33(a), Local Rule

26.01(c) and the Court's scheduling orders.[8]  Therefore, Plaintiff will not be compelled to

provide complete responses to those six interrogatories (including Request for Production No. 4,

which corresponds to Interrogatory No. 5).[9]

Alternatively, Defendant seeks leave of court to propound interrogatories in excess of the

numerical limit of twenty-five (25) embodied in Fed. R. Civ P. 33 and LR. Civ. P. 26.01.

Rule 33(a) provides that a party may not file more than twenty-five interrogatories,

including subparts, without obtaining leave of court or written stipulation.  "Frequently, the issue

becomes whether the requesting party has adequately shown that the benefits of additional

interrogatories outweigh the burden to the opposing party."  Chiropractic Assoc. v. Trigon

Healthcare, Inc., No. 1:00CV00113, 2002 WL 534459, at *4 (W.D.Va. Mar. 18, 2002).

The Court finds that Defendant has not established good cause to compel additional

discovery in excess of the numerical limit established by the Court's amended scheduling order.

Without good cause to modify the scheduling order, Defendant is limited to the interrogatories it

PCS, 225 F.R.D. 658 (D.Kan. 2004) in support of his argument, the Court in Williams v.
Sprint/United Management Co., No. 03-2200-JWL, 2005 WL 731070, * 1 (D.Kan. Mar. 30,
2005) noted that "[t]his court's own research has not uncovered any other cases–from the Tenth
Circuit, this district, or any other courts–in which a court has placed the 'initial burden' on the
moving party to address each and every objection lodged by the party resisting discovery."  Id. at
*3.  The Court further stated that "court have long held that the burden is on the objecting party
to show why an interrogatory is improper and while the burden is on the moving party to seek
court action, the burden of persuasion remains at all times with the objecting party."  Id.

[8]  The Court's scheduling order and an amended scheduling order, which were entered on
November 1, 2005 and May 25, 2006, respectively, maintained the numerical limitation on
interrogatories as set forth in the Local Rules of Civil Procedure.

[9]   The Court is mindful, however, that Defendant's second set of discovery requests was
served before this Court's ruling regarding Defendant's first set of discovery requests.
Accordingly, the Court finds that sanctions under Rule 37 are not appropriate.

has already served.

Finally, the Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26 (b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest. Fed. R. Civ. P. 36(a).

Plaintiff's responses to Request for Admission Nos. 4 and 7 of Defendant's first set of discovery requests and Request for Admission Nos. 7, 8 and 9 of Defendant's second set of discovery requests are as follows: "After reasonable inquiry, the information known or readily obtainable to the Plaintiff is insufficient to enable him to admit or deny; therefore, deny." However, on June 6, 2006, Plaintiff served his amended answers to Defendant's first set of requests for admissions, wherein Plaintiff admitted Request for Admission No. 4. Therefore, the Court need not address this issue, and Defendant's motion as to Request for Admission No. 4 is denied as moot.

With respect to Plaintiff's responses to the remaining requests, Plaintiff advises that he is unable to admit or deny because he does not have the requisite information, or the information is insufficient and, therefore, Plaintiff denies these requests. These requests call for a simple admit or deny, a qualified admission or an explanation why the matter can be neither admitted nor denied. Fed. R. Civ. P. 36(a). Although Plaintiff stated that "the information known or readily obtainable to the Plaintiff is insufficient to enable him to admit or deny," Plaintiff failed to describe his efforts to gain this information. Therefore, because Plaintiff's responses to these

requests are inadequate, Plaintiff is directed to provide an explanation why he can neither deny nor admit Request for Admission No. 7 of Defendant's first set of discovery requests and Request for Admission Nos. 7, 8 and 9 of Defendant's second set of discovery requests. Finally, Defendant's request for reasonable attorney's fees and costs incurred in prosecuting this motion and Plaintiff's request for reasonable expenses in opposing Defendant's Motion to Compel are denied.[10]

**2.  Defendant's Motion for Sanction for Plaintiff's Violation of Discovery Order**.

A.  <u>Contentions of the Parties</u>.

Defendant requests that the Court issue an order for sanctions against Plaintiff for his violation of a discovery order or, in the alternative, an order granting Defendant its reasonable fees and expenses, including attorney's fees, caused by Plaintiff's failure to comply with the Court's discovery order. Specifically, Defendant contends that Plaintiff failed to properly supplement his answers to Interrogatories Nos. 5, 6, and 7 of Defendant's first set of discovery requests pursuant to this Court's Order.

---

[10] "If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4). Therefore, this Court is not required to apportion attorney's fees or expenses between the parties. In this case, all counsel erred in some measure and failed to correct their errors without judicial intervention. Under the circumstances, the Court does not find the imposition of sanctions of attorney's fees and expenses to be warranted and will not assess sanctions against either party with regard to the instant discovery dispute.

Plaintiff argues that, by supplementing his answers, he has responded to Defendant's requests and, therefore, complied with this Court's order. Plaintiff also moves pursuant to Rule 37 for fees and expenses incurred in opposing Defendant's Motion.

      B.     <u>The Standards</u>.

      1.     <u>Discovery - Sanctions - Failure to Comply with Order</u>. "If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination...." Fed. R. Civ. P. 37(b)(2).

      2.     <u>Discovery - Sanctions - Rule 37(b) -Failure to Comply with a Court Order</u>. "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R.

Civ. P. 37(b)(2).

3. <u>Discovery - Sanctions - Standard</u>. A district court should use the following four part test when determining what sanctions to impose under Federal Rule of Civil Procedure 37: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. <u>Belk v. Charlotte-Mecklenburg Bd. of Ed.</u>, 269 F.3d 305, 347-48 (4th Cir. 2001).

4. <u>Discovery - Court's Inherent Power</u>. "A federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders." <u>In re Howe</u>, 800 F.2d 1251, 1252 (4th Cir. 1986) (citing <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752 (1980)). Even absent explicit legislative enactment, "deeply rooted in the common law tradition is the power of any court to manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." <u>Carlucci v. Piper Aircraft Corp.</u>, 775 F.2d 1440, 1447 (11th Cir. 1985). This inherent power permits a court to sanction litigants themselves. <u>Id</u>. at 1446. However, this inherent power "must be exercised with restraint and discretion." <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764 (1980). "A finding [that counsel's conduct . . . constituted or was tantamount to bad faith] . . . would have to precede any sanctions under the Court's inherent power." <u>Id</u>. The inherent powers of the federal courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962).

5. <u>Discovery - Scheduling Order</u>. "[T]he district judge ... shall, after receiving the report from the parties under Rule 26(g)...enter a scheduling order." Fed. R. Civ. P. 16(b).

C.     Discussion.

Fed. R. Civ. P. 37 expressly allows dismissal of a party's action for violation of discovery orders.  See Wilkinson v. Volkdwagen of Am., Inc., 561 F.2d 494, 503 (4th Cir. 1977).  The decision of what sanction is appropriate under the prevailing circumstances is within the Court's sound discretion. Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir. 1985).

Dismissal is, however, the most severe of sanctions that the Court can impose, reserved for "flagrant cases" of bad faith and "callous disregard" for the Court's authority, see Hillig v. Comm'r, 916 F.2d 171, 174-175 (4th Cir. 1990), and, therefore, the Court must determine if dismissal is warranted.[11]

At the outset, it should be noted that the Court is disturbed by the apparent lack of communication between the parties.  During the June 6, 2006 evidentiary hearing, the Undersigned specifically asked Plaintiff's counsel whether Plaintiff, Plaintiff's counsel or Plaintiff's counsel's office have ever contacted Defendant regarding Plaintiff's claim.  The

---

[11]  The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals to prosecute.  See Carter v. University of West Virginia System, 1994 WL 192031, No. 93-1905, *1 (4th Cir. May 16, 1994).  The Court should consider four factors before ordering a dismissal: (1) the degree of the plaintiff's personal responsibility; (2) prejudice caused to the defense; (3) any history of dilatoriness by plaintiff; and (4) the opportunity for less drastic sanctions. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978).  In addition, it has been held that a party should receive a warning that failure to obey an order of the Court could result in dismissal.  Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990).  These four factors are not a rigid four-prong test.  Id. at 95.

following dialogue took place between the Court and counsel for Plaintiff:

> THE COURT:      I'm asking if my interpretation is correct. Neither Plaintiff or his current counsel knows whether anybody notified Federated?
>
> MR. ZAVOLTA:      That – that's correct....
>
> (Transcript at 14.)      *      *      *
>
> THE COURT:      Mr. Zavolta, is the answer to Mr. Berry's question that – I am going to use Robinson Law Offices generically, okay? No one at Robinson contacted Federated prior to the suit being filed?
>
> MR. ZAVOLTA:      Judge, I –
>
> THE COURT:      Is that accurate?
>
> MR. ZAVOLTA:      Yeah. I think our response indicates that. We're unaware of anyone that contacted Federated and we don't know what LaPosta did.

(Transcript at 18-19.)

In light of the foregoing dialogue, Plaintiff is directed to respond to Interrogatories Nos. 6 and 7 of Defendant's first set of discovery requests with the information provided to the Court at the June 6, 2006 evidentiary hearing. Because during the hearing Defendant advised the Court that Interrogatory No. 5 was supplemented and that Plaintiff's answer was acceptable, the Court need not address this issue. Therefore, Defendant's motion as to Interrogatory No. 5 is denied as moot.

The Court has given the issue of sanctions serious consideration. The Court finds that, although there are instances of lack of communication or miscommunication between counsel for the parties in the present discovery dispute, there is no showing of intentional or willful

17

conduct on the part of Plaintiff, which would warrant dismissal under Fed. R. Civ. P. 37(b). The Court further finds that the record does not support the finding of a history of wilfulness and bad faith or of prejudice caused to the defense. Finally, because the Court finds that this discovery dispute cannot be ascribed solely to either Plaintiff or Defendant, the Court finds that sanctions under Rule 37(b) are not appropriate.[12]

Both Plaintiff and Defendant are ordered to cooperate in the scheduled discovery process. Plaintiff is also warned that failure to comply with the discovery order could result in dismissal of the action. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990).

### 3. Defendant's Motion for Fees and Expenses for Plaintiff's Failure to Attend Deposition.

A. <u>Contentions of the Parties</u>.

Defendant requests that the Court issue an order pursuing Rule 37(d) awarding it all reasonable fees and expenses, including attorney's fees, incurred because of Plaintiff's failure to appear for his deposition and when Plaintiff and/or his counsel failed to cooperate in the scheduling of Plaintiff's deposition.

Plaintiff counters that he and his counsel were "substantially justified" in their conduct and countermoves pursuant to Rule 37(a)(4)(B) for fees and expenses incurred in opposing Defendant Motion.

B. <u>The Standards</u>

1. <u>Discovery - Failure of Party to Attend at own Deposition</u>. "If a party or an officer,

---

[12] Accordingly, Plaintiff's request for reasonable expenses in opposing Defendant's Motion for Sanctions is denied.

director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and  among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule....  In lieu of any order or in addition thereto, the court shall require the that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d).

C.    Discussion

If a party fails to attend a deposition, the court "shall" order that party to pay the opposing party's expenses unless the failure to attend was "substantially justified."   Fed. R. Civ. P. 37(d).

In this case, Plaintiff states that he was unable to attend the deposition on April 25, 2006 because his vehicle broke down. Although Plaintiff failed to provide Defendant with any documentation prior to the June 6, 2006 hearing, Plaintiff annexed to his response to Defendant's motion a copy of Myers Auto Sales & Service's invoice, which indicates that the mechanical failure of Plaintiff's vehicle was a result of an alternator malfunction.  (Pl.'s Response to Def.'s Motion for Fees and Expenses at 1-2.)  Plaintiff further states that his vehicle was towed from Route 2 to 976 Steubenville Pike, Burgettstown, PA by Myers Auto Sales & Service for inspection and repair. Additionally, Plaintiff's counsel Ronald W. Zavolta indicates that his wife suffers from breast cancer and underwent a surgical procedure on April 25, 2006.  Finally, on or about April 26, 2006, Plaintiff's son was injured in an automotive accident, was transported to Children's Hospital of

Pittsburgh for treatment on or about April 27, 2006 and was discharged on May 5, 2006.

The Court believes that the ongoing dispute here is fundamentally intertwined with a basic lack of communication between the parties, which has prevented the dispute from being resolved. However, in light of the foregoing, Plaintiff's failure to appear was "substantially justified" and, therefore, no sanctions will be imposed against Plaintiff. Finally, because Defendant moved under Rule 37(d), Plaintiff's request for reasonable expenses in opposing Defendant's Motion for Fees and Expenses for Plaintiff's Failure to Attend Deposition, including attorney's fees, under Rule 37(a)(4)(B) is inappropriate.

## IV. Decision

For the foregoing reasons, the Court Orders as follows:

1. Federated's Motion to Compel Answers and Responses to Its Second Set of Interrogatories, Requests for Admission and Requests for Production (Doc. 57) is **GRANTED IN PART and DENIED IN PART**.

2. Federated's Motion for Sanctions for Violation of Discovery Order (Doc. 60) is **GRANTED IN PART and DENIED IN PART**.

3. Defendant's Motion for Attorney Fees for Plaintiff's Failure to Attend Deposition (Doc. 62) is **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set

forth above will result in waiver of the right to appeal from a judgment of this Court based upon

such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro

se and any counsel of record, as applicable.

DATED: July 25, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE